STATE OF MISSOURI, Respondent, v. DAVID C. WHITE, Appellant.

1. *Husband and wife—Action charging husband with refusal to maintain wife, etc.*—In an information by the wife charging her husband with abandoning her without good cause, and refusing to maintain and provide for her, the question put to a witness, whether defendant had not rented of him a house which plaintiff refused to occupy, was proper, and should have been allowed.

*H. B. Johnson*, Attorney-General, and *J. P. Colcord*, for respondent.

*Patrick & Drummond*, for appellant.

BLISS, Judge, delivered the opinion of the court.

Defendant's wife, by information in said court, charged him with abandoning her without good cause, and refusing to maintain and provide for her. The case was tried by the court, and in the progress of the trial the prosecutrix testified that defendant had left her for about five weeks, and during that time she had received nothing from him for her support. Upon cross-examination, she testified that he had not rented a house for her of Mr. Ferrington, which she refused to occupy. After the State had closed, the defendant, among other evidence, offered Mr. Ferrington as a witness, and asked him if he (defendant), during the last five weeks, had not rented of him a house which his wife refused to occupy. The attorney for the State objected to the question, and the objection was sustained. The record fails to show any reason for the objection or for the action of the court. The question clearly went to the merits of the issue. If defendant furnished his wife with a suitable residence, he had so far contributed to her support; and if she refused to occupy it, it certainly was not his fault. He had a right to contradict her testimony, as well as to prove affirmatively all his acts in the

direction of his duty in the premises, and the court erred in not permitting him to do so.    Certain other questions were raised which have been decided in The State v. Larger, *ante*, p. 510.

Judgment reversed and cause remanded.    The other judges concur.